**Mark G. ABBEY, et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

**No. 07–272C.**

United States Court of Federal Claims.

Sept. 6, 2012.

Gregory K. McGillivary, Washington, DC, for plaintiffs. Sara L. Faulman, Washington, DC, of counsel.

Hillary A. Stern, with whom were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Brett Daee, Attorney, Office of Chief Counsel, Federal Aviation Administration, Washington, DC, of counsel.

## ORDER

EMILY C. HEWITT Chief Judge.

Before the court are the Parties' Joint Submission of Damages and Motion for Leave to File a Computer Disc Reflecting the Damages Including Individual Plaintiff Damage Amounts (Joint Damages or Jt.

Damages), Docket Number (Dkt. No.) 281, filed August 27, 2012 and the accompanying computer discs filed by leave of the court, *see* Order of Aug. 27, 2012, Dkt. No. 282; the parties' Joint Stipulation of Dismissal (Joint Stipulation of Dismissal or Jt. Stip. of Dismissal), Dkt. No. 284, filed August 29, 2012; and the parties' Joint Proposal for Entry of Judgment (Joint Proposal), Dkt. No. 285, filed September 4, 2012. The court conducted a telephonic status conference (TSC) with the parties on August 27, 2012 to discuss the form in which final judgment would be entered in this matter.

Plaintiffs' Complaint contains four counts. See Sixth Am. Compl. (Complaint), Dkt. No. 105, at 5–12. The parties have stipulated to dismissal of Counts I and III of the Complaint with prejudice, pursuant to Rule 41(a)(1)(B) of the Rules of the United States Court of Federal Claims. Jt. Stip. of Dismissal. With respect to Count IV of the Complaint, in *Abbey v. United States (Abbey II)*, 99 Fed.Cl. 430 (2011), the court granted summary judgment to defendant, concluding that the time air traffic controllers spend bidding on work schedules and vacation leave while off-duty does not constitute "work" under the Fair Labor Standards Act (FLSA), *id.* at 458–61.

With respect to Count II of the Complaint, in *Abbey v. United States (Abbey I)*, 82 Fed. Cl. 722 (2008), the court granted summary judgment to plaintiffs "[b]ecause defendant's payment of hour-for-hour compensatory time and credit hours violates the FLSA requirement that overtime compensation be paid at 'one and one-half times' the employee's regular rate of pay," *id.* at 745 (quoting 29 U.S.C. § 207(a)(1) (2006)). The court held a trial of damages with respect to Count II from March 5–7, 2012 in Washington, DC at the Howard T. Markey National Courts Building. See *Abbey v. United States (Abbey III)*, 106 Fed.Cl. 254, 258–59 (2012). In its trial opinion, the court directed the parties to "jointly calculate and present to the court the amount of compensation to which each representative plaintiff is entitled in accordance with this Opinion." *Id.* at 288.

Further to the TSC, the parties' Joint Damages, the parties' Joint Stipulation of Dismissal and the parties' Joint Proposal, the court directs as follows:

The Clerk of Court shall ENTER JUDGMENT dismissing Counts I, III and IV of the Complaint with prejudice. The Clerk of Court shall ENTER JUDGMENT for plaintiffs on Count II of the Complaint. The judgment shall state that the plaintiffs listed in the spreadsheet contained in the parties' jointly submitted disc containing damages amounts, *see* Jt. Damages, shall recover of and from the United States the sum of $50,413,841.42, divided among them as specified in the jointly submitted disc. Payment shall be made by check in one lump sum in the amount of $50,413,841.42 payable to the law firm representing plaintiffs, the law firm of Woodley & McGillivary, 1101 Vermont Ave., N.W., Suite 1000, Washington, DC 20005, which shall distribute the appropriate share to each plaintiff.

IT IS SO ORDERED.